| | | |
|---|---|---|
| **CHARLES DEAN CASSADA WILLINGHAM,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **ORDER** |
| **EELENE MIMI STRANGFELD, et al.,** | ) ) | |
| **Defendants.** | ) ) ) | |

**THIS MATTER** is before the Court on periodic review of the record.

The *pro se* Complaint was docketed in this civil rights action on July 30, 2019. (Doc. No. 1). On August 7, 2019, the Court issued an Order of Instructions informing Plaintiff of his obligation to keep the Court apprised of his current address, and a Notice of Deficiency giving Plaintiff 21 days within which to pay the $400 filing fee or return a completed application to proceed *in forma pauperis*. (Doc. Nos. 2-3). These documents were mailed to Plaintiff at his address of record at the Buncombe County Detention Facility.

The Order of Instructions and Notice of Deficiency were returned as undeliverable on August 16, 2019. (Doc. No. 4). Inquiry to the Buncombe County Detention Center revealed that Plaintiff was released from custody on July 31, 2019.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his

change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

The Court does not have a current address for Plaintiff, he has now been released from custody, and it appears that he may have abandoned this action. Before dismissing this action for failure to prosecute, the Court will give Plaintiff one more opportunity in which to notify the Court of his current address in accordance with the Order of Instructions, and either pay the filing fee or file a completed *in forma pauperis* application in accordance with the Notice of Deficiency. Failure to comply will result in this case's dismissal without further notice.

**IT IS, THEREFORE, ORDERED that:**

1.  Plaintiff shall have **10 days** from service of this Order in which to notify the Court of his change in address in accordance with the Order of Instructions and to comply with the Notice of Deficiency.

2.  The Clerk of Court is directed to mail a copy of this Order, the Order of Instructions (Doc. No. 2), the Notice of Deficiency (Doc. No. 3), and an *in forma pauperis*

application to Plaintiff's address of record.

Signed: August 22, 2019

Frank D. Whitney
Chief United States District Judge