# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-231-FDW

| | |
|---|---|
| CHARLES DEAN CASSADA WILLINGHAM, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| EELEN MIMI STRANGFELD, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

**THIS MATTER** is before the Court on its August 22, 2019 Order, (Doc. No. 5), requiring Plaintiff to inform the Court of his present address and comply with the Notice of Deficiency, (Doc. No. 3).

Plaintiff's *pro se* Complaint was docketed on July 30, 2019, at which time he was incarcerated at the Buncombe County Detention Facility. (Doc. No. 1). On August 7, 2019, the Court entered a Notice of Deficiency informing Plaintiff of his obligation to either pay the $400 filing fee or file an application to proceed without prepayment of fees. (Doc. No. 3). The Notice of Deficiency was returned as undeliverable on August 16, 2019, and the facility indicated that Plaintiff had been released from custody on July 31, 2019. (Doc. No. 4). On August 22, 2019, the Court ordered Plaintiff to notify the Court within 10 days of his current address and to comply with the Notice of Deficiency. (Doc. No. 5). The Court cautioned Plaintiff that failure to comply would result in this case's dismissal without further notice. (Id.). The August 22 Order was returned as undeliverable on September 5, 2019, and Plaintiff has not updated the Court with his current address or complied with the Notice of Deficiency. (Doc. No. 6).

1

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff has failed to keep the Court apprised of his current address and has not responded to the Court's August 7 Notice of Deficiency or its August 22 Order. It appears that Plaintiff has abandoned this action. This action will be dismissed without prejudice for lack of prosecution and for failing to comply with a Court Order.

**IT IS, THEREFORE, ORDERED that:**

(1) <u>This action is dismissed without prejudice for lack of prosecution and for Plaintiff's failure to comply with this Court's August 22, 2019 Order</u>.

(2) The Clerk of this Court is directed to terminate this action.

Signed: September 12, 2019

Frank D. Whitney
Chief United States District Judge